## Park v. Nichols

C.P. of Clearfield County, no. 2010-395-CD.

*Gregory Bazylak*, for plaintiff.
*Rebecca Ardoline,* for defendants.

CHERRY, *J.*, September 1, 2010—This case involves a custody dispute between Shirley J. Park, (hereinafter "grandmother") and Tracy C. Nichols, (hereinafter

"mother") and James B. Park, (hereinafter "father"), over the minor child, Nathan James Park, d.o.b. 8-21-97. On November 6, 2009, grandmother filed a petition for custody and for emergency special relief in Jefferson County. An order was entered that same day granting custody of the minor child to grandmother. The case was subsequently transferred to Clearfield County after a finding that jurisdiction was properly in Clearfield County. The February 9, 2010, order regarding the transfer also provided that temporary custody was to remain with grandmother until an order was entered by this court.

On March 12, 2010, mother filed a petition for special relief and modification of custody order. On June 15 and July 26, 2010, a custody trial was held pursuant to this matter, with each party presenting evidence and testimony. By order of this court, the parties' submitted letter briefs, which were timely received, and the matter is now ripe for decision.

A court's overriding concern in awarding custody is the overall best interest of the child. "The paramount concern in a child custody case is the best interest of the child, based on a consideration of all factors that legitimately affect the child's physical, intellectual, moral and spiritual well being." *Swope v. Swope*, 698 A.2d 264, 265 (Pa. Super. 1997). The determination is to be made on a case-by-case basis. *Myers v. DiDomenico*, 652 A.2d 956, 957 (Pa. Super. 1995). Each case is unique and as such the court must make each decision as to what is in the best interest of the child on a case-by-case basis considering all factors which impact the child. *Lee v. Fontine*, 594 A.2d

724 (Pa. Super. 1991).

Additionally, in cases where a grandparent seeks custody, the requirements of 23 Pa.C.S.A. § 5313(b) must also be satisfied. The statute requires a grandparent show she (1) has a genuine care and concern for the child; (2) had a relationship with the child that began with parental consent or by order of the court; and (3) has assumed the role and responsibilities of the child's parent for twelve months or has assumed or deemed it necessary to assume responsibility of the child, who is at substantial risk of parental abuse, neglect, drug or alcohol abuse or mental illness. 23 Pa. C.S.A. § 5313(b).

The court has carefully considered various factors and has determined that it is in the child's best interests not to be in the custody of either mother or father and to grant primary physical custody to grandmother. The court finds that grandmother can provide a more stable environment, one superior to that of either parent.

The court is satisfied that grandmother can assure the child will be raised in a loving, stable environment. Grandmother has had primary custody since November 2009, and has consistently taken care of the child's daily needs, schedules, and various appointments. Since residing with grandmother, the child has missed significantly less school than when he resided with mother. According to testimony, during the 2008-09 school year, child missed 39.5 days, whereas during the 2009-10 school year, the majority of which the child was in grandmother's custody, he missed just two days.

In addition, evidence established that mother moved thirty-nine times in the past eleven years, which averages out to more than three relocations per year. Mother's most recent move occurred earlier this year. Likewise, father is not an ideal candidate to be awarded custody because of his alcohol abuse and criminal conduct, which has led to recent incarceration.

Taken as a whole, the child's best interests will be served by granting primary physical custody to grandmother with periods of partial custody awarded to mother, as set forth in the court's custody order. The court finds that grandmother shall have primary physical custody of the child as she has a stable and nurturing relationship with the boy. Additionally, grandmother has a genuine care and concern for the child, has a relationship with the child beginning with parental consent, and has assumed responsibility of the child, who was at substantial risk of parental neglect. 23 Pa. C.S.A. § 5313(b). Furthermore, the best interests of the child are paramount and grandmother must prevail in this matter.

Based upon the foregoing, the court enters the following:

## ORDER

And now, September 1, 2010, following custody hearing, the timely receipt of briefs, the presentation of issues before the court and upon consideration of the same, it is the order of this court as follows:

1. Shirley J. Park, (hereinafter "grandmother") and

472

Tracy C. Nichols, (hereinafter "mother") shall share legal custody of minor child, Nathan James Park, d.o.b. 8-21-1997.

a. Legal custody is defined as the legal right to make major decisions affecting the best interests of the minor child, including, but not limited to medical, religious and educational decisions and wherein each party shall have equal access to any and all medical, dental, ocular, mental health, school and legal records. Medical, dental, ocular and mental health providers and school administrators shall accept a copy of this order as authorization to release to either party any documentation and/or records as may be requested. In addition, it is understood by both parties that they shall communicate fully with the other in an effort to ensure that all directives pertaining to the minor child from physicians, dentists and teachers are followed absolutely and all information pertaining to any prescriptions the child is on is exchanged between the parties.

2. Grandmother shall have physical custody of the minor child, subject to mother's periods of partial custody as follows:

a. Every other weekend from Friday at 5:00 p.m. until Sunday at 8:00 p.m.;

b. On each and every Wednesday, mother shall have partial custody from 5:00 p.m. until 8:00 p.m.

3. Holidays shall be shared as follows:

a. Thanksgiving: In even numbered years, mother shall have custody of the child from 4:00 p.m. the day before Thanksgiving until 2:00 p.m. Thanksgiving Day. Grandmother shall have partial custody from 2:00 p.m. on Thanksgiving Day until 8:00 p.m. the Sunday following Thanksgiving. In odd numbered years, grandmother shall have custody of the child from 4:00 p.m. the day before Thanksgiving until 2:00 p.m. Thanksgiving Day. Mother shall have partial custody from 2:00 p.m. on Thanksgiving Day until 8:00 p.m. the Sunday following Thanksgiving.

b. Christmas: In even numbered years, grandmother shall have custody of the child from December 24th at 4:00 p.m. until December 25th at 2:00 p.m., and mother shall have custody of the child from December 25th at 2:00 p.m. until December 28th at 6:00 p.m. grandmother shall then have custody from 6:00 p.m. on December 28th until 6:00 p.m. on December 31st. In odd numbered years, mother shall have custody of the child from December 24th at 4:00 p.m. until December 25th at 2:00 p.m., and grandmother shall have custody of the child from December 25th at 2:00 p.m. until December 28th at 6:00 p.m. mother shall then have custody from 6:00 p.m. on December 28th until 6:00 p.m. on December 31st.

c. Easter: In even numbered years, grandmother shall have custody of the child from the Friday before Easter at 4:00 p.m. until Easter Sunday at 2:00 p.m. mother shall have custody from 2:00 p.m. until 8:00

p.m. on Easter Sunday. In odd numbered years, mother shall have custody of the child from the Friday before Easter at 4:00 p.m. until Easter Sunday at 2:00 p.m. grandmother shall have custody from 2:00 p.m. until 8:00 p.m. on Easter Sunday.

d.   Other Holidays: The parties shall alternate the minor holidays of New Years Day, Memorial Day, Independence Day (Fourth of July) and Labor Day. In odd numbered years, mother shall have custody on New Years Day and the Fourth of July, and grandmother shall have custody on Memorial Day and Labor Day. In even numbered years, grandmother shall have custody on New Years Day and the Fourth of July, and mother shall have custody on Memorial Day and Labor Day. The party entitled to possession shall have the child from 9:00 a.m. until 8:00 p.m. In the event that a party is entitled to possession if the child on a holiday which falls on a Monday and that party is also entitled to the immediately preceding weekend, that party shall then be able to maintain the child over Sunday evening.

e.   Mother shall always have custody of the child for the weekend of Mother's Day, and grandmother shall always have custody of the child for the weekend that includes Father's Day. Said weekends shall include Friday evening through Sunday evening.

f.   Summer: Grandmother and mother shall have alternating one-week periods of exclusive custody during each of the summer months, beginning the first Sunday following the last day of school and ending on

the last Sunday preceding the start of the new school year, with mother having the first full week of summer visitation.

i.   For purposes of exchanging custody during the summer months, the parties shall meet and exchange custody of the minor child at 12:00 p.m., unless otherwise agreed.

g.   The holiday, Mother's/Father's Day, and summer visitation schedule shall take precedence over regular periods of custody.

4.   The parties shall communicate with each other to confirm, postpone, cancel or otherwise change any scheduled period of partial custody. Any changes should be made no less than twenty-four (24) hours in advance.

5.   Unless otherwise agreed upon by the parties, the parties shall share transportation in that the party who is to obtain custody of the child shall provide transportation. This may be the party or that party's adult designee(s), with the designee(s) being required to have an established relationship with the child.

6.   Each party, at all times, shall inform the other party of her current address and telephone number.

7.   Both mother and grandmother shall communicate directly with each other with regard to the well-being and best interest of the child and shall not communicate through the child.

8. Each party shall keep the other informed of the progress of the child's education, medical care and social activities.

9. Neither party shall malign or speak in a derogatory fashion about the other in the presence of the child nor will they permit anyone else to do so. Each party will exercise her best efforts to promote a healthy relationship between the child and the other party and the other party's family. The parties are directed to conduct themselves in a reasonable and appropriate manner at all times during their interactions with each other and their family members concerning custody of the child and issues relating to the child's care and nurturance.

10. Neither party shall restrict telephone contact between the child and the party not in possession of the child. The party who is not in possession of the child may have reasonable telephone contact with the child, which means up to three (3) telephone calls per week providing the same is done by and no later than 8:00 p.m.

11. The parties shall ensure continuity of care for the child during extended periods of custody so that any physical therapy, medical treatment or mental health therapy are not interrupted and is coordinated so as to ensure maximum benefit for the child.

12. During either party's possession of the minor child, if the minor child has a serious illness or injury which

requires medical attention, that party shall immediately notify the other party.

13. Neither party shall consume alcoholic beverages prior to or during the periods the child is in their custody.

14. The parties shall not smoke nor shall they permit anyone else to smoke in the presence of the child. In the presence of the child shall mean in any residence or structure where the child is located and/or in any automobile in which the child is transported.

15. This order shall supersede all previous orders and shall remain in full force and effect until further order of court.

16. The parties may modify this schedule if they mutually agree to do so.